DOUCET, Judge.
This suit was brought by plaintiff, Patricia Suire, on behalf of her son, Jason, to establish paternity and for child support against the alleged natural father, Richard Wayne Robison. Following a trial on the merits, the court held for defendant, finding that plaintiff had failed to carry her burden of proof. Plaintiff appeals.
The facts show that Patricia Suire met Richard Robison in October 1982 at the Green Acres Lounge in Crowley, Louisiana. By admission of both parties, sexual intercourse between the two occurred twice at the Mid-Continent Inn in Crowley, once on the evening of November 14, 1982, and once on the morning of November 15,1982. Ivy Shuff, the general manager of the Mid-Continent Inn, testified that a room was rented to defendant on November 14, 1982. Plaintiff contends that defendant used a condom on the first sexual encounter, but is not sure whether defendant used a birth control device on the second encounter. The child, Jason, was born on August 10, 1983.
The sole issue on appeal is whether plaintiff carried her burden of proving that defendant is the natural father of her son, Jason. The trial court held that she did not carry the burden of proof required for filiation. We agree.
La.C.C. art. 209 in pertinent part provides:
“A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.”
Thus, in cases where the father is still alive, in order to be successful in a filiation proceeding, the plaintiff must prove his/her case by a preponderance of the evidence.
In the instant situation, blood tests were performed by Dr. Leslie Bryant. These studies indicated that defendant was not excluded from the possibility of being the child’s father, but rather showed that there is 97.28% probability that defendant is the child’s biological father. Dr. Bryant also indicated that there is a possibility of an exclusion in the HLA system but that confirmation of this exclusion would require further testing. At first glance, such a probability factor seems overwhelming. However, this alone does not constitute the proof required for filiation. Whereas in this case, the evidence as a whole is unfavorable to plaintiff's case, the fact that blood tests show a high probability that the defendant is the biological father cannot, without other credible evidence, establish paternity by a preponderance of the evi *37 dence. Bailey v. Douglas, 478 So.2d 172 (La.App. 3rd Cir.1985).
In the instant situation, there is ample evidence which discredits plaintiff. Dr. Michael Schendel, a family practitioner, testified that plaintiff first visited him on May 3, 1983. At that time, plaintiff indicated that her last menstrual period was approximately October 10th or 15th and that her periods were regular. Based on this information, and upon examination of plaintiff, Dr. Schendel testified that her next fertile period was in late October or early November and that the child was conceived on approximately November 1, 1982. The above indicates that defendant is not the natural father of Jason since sexual intercourse between the two did not occur until the middle of November.
Additionally, even though plaintiff stated that prior to being with defendant she had not had intercourse with another man in about three years, there was evidence adduced at trial which contradicts this testimony. Specifically, Frieda Magnon Wol-cott testified that she traveled with plaintiff to Galveston on several occasions, the last being two years after her son was born (1982). Ms. Wolcott indicated that when she and plaintiff traveled to Galveston, plaintiff would sleep in the same bed with her boyfriend, Ernie Delgado. Moreover, Katherine States testified that plaintiff and a man named “Cowboy” had spent the night together at her apartment. Finally, Lawrence Abshire testified that he dated plaintiff during 1982 and that he had sexual intercourse with her in November of 1982.
The above indicates that plaintiff was discredited by several witnesses. Plaintiffs past sexual relations leaves open the possibility that someone other than Richard Robison is the biological father. Even though we give Dr. Bryant’s testimony much weight, blood test results provide only one method of proof in paternity actions, and are insufficient by themselves to establish paternity. Bailey, supra.
Based on the above, we find, as did the trial court, that plaintiff did not prove by a preponderance of the evidence that defendant, Richard Robison, is the child’s biological father. As such, we affirm the judgment of the trial court. All costs are to be borne by plaintiff-appellant.
AFFIRMED.